IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JESSICA ROSEBERRY<br>　　　　　　　　　　　Plaintiff<br><br>Vs.<br><br>THE CITY OF PHILADELPHIA, LIEUTENANT JAMES SMITH, BADGE NUMBER 170, POLICE OFFICER BRANT MILES, BADGE NUMBER 1839, POLICE OFFICER ANDREW SCHAFER, BADGE NUMBER 2261, POLICE OFFICER TAVEN WASHINGTON, BADGE NUMBER 5706, POLICE OFFICER KEVIN DEVLIN, BADGE NUMBER 1709, POLICE OFFICER KENNETH LONG, BADGE 3787, AND POLICE OFFICERS JOHN DOE NUMBERS 1 THROUGH TEN, BADGE NUMBERS UNKOWN<br><br>　　　　　　　　　　　Defendants | CIVIL ACTION<br><br>No.: 12-CV-<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

I.     JURISDICTION

1. This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. §§ 1331 and 1343(1),(3),(4) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and under the Common Law of the Commonwealth of Pennsylvania. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

II.     PARTIES

2. Plaintiff, Jessica Roseberry, ("Plaintiff" or "Officer Roseberry") is a resident and citizen of the Commonwealth of Pennsylvania, 519 N. 63rd Street, Philadelphia, Pennsylvania.

3. Defendant, City of Philadelphia, ("the City") is a City of the First Class in the Commonwealth of Pennsylvania and a municipal corporation duly existing and organized under the laws of Pennsylvania with offices for service at 1515 Arch Street, Philadelphia, PA 19102. At all times relevant hereto, Defendant, City of Philadelphia, operated under the color of state law in

creating and maintaining a Police Department and was the employer of all of the Police Officer Defendants in this action.

4. Defendant, Lieutenant James Smith, Badge No.: 170 ( "Lt. Smith"), was at all times relevant to this Complaint, a Lieutenant of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

5. Defendant, Police Officer Brant Miles, Badge No.: 1839 ( "OFFICER MILES"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

6. Defendant, Police Officer Andrew Schafer, Badge No.: 2261 ( "OFFICER SCHAFER"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

7. Defendant, Police Officer Tavern Washington, Badge No.: 5706 ( "OFFICER WASHINGTON"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the

agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. She is being sued in both her individual and official capacities.

8. Defendant, Police Officer Kevin Devlin, Badge No.: 1709 ( "OFFICER DEVLIN"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

9. Defendant, Police Officer Kenneth Long, Badge No.: 3787 ( "OFFICER LONG"), was at all times relevant to this Complaint, an Officer of the Police Department of Defendant, City of Philadelphia, and was acting in such capacity as the agent, servant, and or employee of the City of Philadelphia, by and through the Police Department, acting under the direction and control of the City of Philadelphia and its Police Department, and was acting pursuant to either official policies, statutes, ordinances, regulations, customs, practices and usages of the City of Philadelphia and its Police Department. He is being sued in both his individual and official capacities.

10. Defendants, John Doe, Number One through Ten, are factitious names of individuals heretofore unascertained that were at all times relevant to this Complaint, Police Officers for the City of Philadelphia and acted under the color of state law. They are being sued in both their individual and official capacities.

11. At all times material and relevant to this complaint, Defendant, City of Philadelphia, did act through its agents, employees, owners, representative, agents and/or employees while in the course and scope of their employment and/or agency.

12. At all times referred to herein, Defendants, acted under color of the laws, statutes ordinances, regulations, policies, customs, and usages of the Commonwealth of Pennsylvania, the City of Philadelphia and the Police Department of the City of Philadelphia, and pursuant to their authority as police officers of the City of Philadelphia and its police department.

III.  FACTS

13. On or about September 29, 2010, at approximately 11:00 p.m, defendants, members of the Narcotics Strike Force, set up surveillance Plaintiff's block as part of a narcotics investigation.

14. At or around that time, Plaintiff, a Philadelphia Police Officer, was inside her home with her eight year old daughter when Defendants acting without cause or justification, entered the property by force and thereafter detained, arrested, searched, threatened and verbally abused Plaintiff. Defendants asserted their authority to act under color of law.

15. The defendant officers did not give Plaintiff the opportunity to let the officers into the premises and to rooms within the premises without the resort to the use of force. The defendant officers caused property damage in the course of the entry and search.

16. The defendant officers, Defendant, Lt. Smith and other law enforcement officers entered Plaintiff's domicile without a warrant, cause, or justification.

17. Defendant, Lt. Smith, and the defendant officers did not have probable cause or any lawful basis to enter the premises.

18. In the course of the incident, the defendant officers pointed guns at Plaintiff.

19. Plaintiff was detained improperly and without cause or justification by the defendant officers.

20. After detaining Plaintiff and searching her home, Defendant, Lt. Smith, and the defendant officers left Plaintiff's domicile. Plaintiff was not charge with the commission of any criminal offenses. No person inside the house was arrested nor was any contraband removed by the defendant officers.

21. Plaintiff did not commit any offense against the laws of the Commonwealth of Pennsylvania or the County of Philadelphia for which an arrest or detention or search may be lawfully made or engage in any conduct which justified the actions of all Defendants.

22. As a direct and proximate result of the actions of all Defendants, Plaintiff suffers and continues to suffer pain, suffering, psychological harm and emotional distress, some or all of which may be permanent, as well as property losses.

23. As a direct and proximate result of the actions of all Defendants, Plaintiff was detained and verbally abused and her domicile was searched without probable cause or any other lawful bases.

24. Defendant, Lt. Smith, and the defendant officers knew that they were without authority to arrest, detain, use force, and search Plaintiff or her property.

25. Defendant, Lt. Smith, and the defendant officers acted willfully, deliberately, maliciously or with reckless disregard of Plaintiff's constitutional and statutory rights.

26. Defendant, Lt. Smith, and the defendant officers engaged in the aforesaid conduct of the purpose of violating Plaintiff's constitutional rights by subjecting Plaintiff subjecting Plaintiff to unreasonable searches and/or seizures and excessive force, depriving all Plaintiffs of property and liberty without due process of law, depriving Plaintiff of due process and equal protection, and unlawfully detaining Plaintiff.

FIRST CAUSE OF ACTION
FEDERAL CIVIL RIGHTS VIOLATIONS

27. The allegations set forth in paragraphs one through twenty-six inclusive, are incorporated herein as if fully set forth.

28. As a direct and proximate result of all Defendants' conduct, committed under color of state law, Defendants deprived Plaintiff of her rights, privileges and immunities under the laws and the Constitution of the United States; Plaintiffs' right to be free from unreasonable searches and seizures, excessive force, false arrest, false imprisonment, verbal abuse, to be secure in ones' person and property, and to due process and equal protection of law. As a result, Plaintiff suffered and continues to suffer harm in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

29. As a direct and proximate result of the acts and omissions of all Defendants, Plaintiff endured pain, suffering, emotional harm and financial losses, and was deprived of liberty and property, all to Plaintiff's detriment and loss.

30. The City of Philadelphia has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

   a. The abuse of police powers, including but not limited to excessive force, unlawful detention, false arrest, improper searches and seizures, and improper execution of warrants;

   b. The failure of police officers to follow established policies and procedures regarding the preparation of search warrants, arrest warrants and bench warrants, proper surveillance procedures, the manner in which search warrants are obtained and executed, the searches of homes and the use of firearms under such circumstances as presented herein;

   c. The failure of the Philadelphia Police Department to maintain proper records regarding efforts by their employees to execute search warrants so that: i) employees of Defendant, the City, including the defendant officers in this case, can be properly trained, supervised and disciplined for conduct related to the performance of their duties; ii) Defendant, the City, can properly monitor the conduct and performance of their employees to assure compliance with thelaws and Constitutions of the United States and the Commonwealth of Pennsylvania and applicable Court Orders and Consent Decrees; and iii0 citizens such as Plaintiff can determine the identities of those employess who subject them to constitutional violations under such circumstances as presented herein and thereby seek vindication of their constitutional and statutory rights; and,

   d. The failure of police officers to prevent, deter, report or to take action against the unlawful conduct of other officers under such circumstances as presented herein.

31. Defendant, the City, failed to properly sanction or discipline officers, who are aware and subsequently conceal and/or aid and abet violations of constitutional rights of

citizens by other police officers, thereby causing and encouraging police, including Defendant, Lt. Smith, and the defendant officers in this case, to violate the rights of citizens such as Plaintiff.

32. By these actions, all Defendants, acting in concert and conspiracy, have deprived Plaintiff of rights secured by the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983.

<strong>SECOND CAUSE OF ACTION</strong><br><u>STATE LAW CLAIMS</u>

33. The allegations set forth in paragraphs one through thirty-TWO inclusive, are incorporated herein as if fully set forth.

34. The acts and conduct of all Defendants alleged in the above cause of action constitute assault and battery, false imprisonment, intentional infliction of emotional distress, trespass, interference with state constitutional rights, negligence, gross negligence, and negligent hiring, training, retention and supervision under the laws of the Commonwealth of Pennsylvania, and this Court has supplemental jurisdiction to hear and adjudicate those claims.

**WHEREFORE**, Plaintiff respectfully requests the following relief:

a. Compensatory damages;

b. Punitive damages;

c. Reasonable attorney's fees and costs;

d. Such other and further relief as appears reasonable and just; and,

e. Plaintiff demands a jury trial as to each Defendant and as to each count.

THE CHOTINER FIRM

_____
L. KENNETH CHOTINER, ESQUIRE
Counsel for Plaintiff
1818 Market Street, Suite 3100
Philadelphia, PA 19103
215.564.6544


MASTER WEINSTEIN SCHATZ MOYER, P.C.

_____
STEVEN J. SCHATZ, ESQUIRE
Counsel for Plaintiff
1818 Market Street, Suite 3620
Philadelphia, PA 19103
215.561.2800