IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JESSICA ROSEBERRY | | CIVIL ACTION |
| | Plaintiff | |
| | | No.: 12-CV-3971 |
| Vs. | | |
| THE CITY OF PHILADELPHIA, *et al.* | | JURY TRIAL DEMANDED |
| | Defendants | |

JOINT CASE REPORT

Plaintiff, Jessica Roseberry, and Defendants, by and through counsel, hereby file this Joint Case Report pursuant to the Court Order of August 24, 2012, and state as follows:

**A.  Brief Statement of Case and Basis for Jurisdiction:**

Plaintiff, Jessica Roseberry, ("Plaintiff" or "Officer Roseberry") is an active Officer of the Philadelphia Police Department. On September 29, 2010, she was inside her home with her eight year old daughter. At approximately 11:00 p.m., the individual defendants, members of the Philadelphia Police Department's Narcotics Strike Force, acting without cause or justification, entered Officer Roseberry's home by force, pointed their firearms at her, and thereafter detained, arrested, searched, threatened and verbally abused her.

The defendant officers did not give Plaintiff the opportunity to let the officers into the premises and to rooms within the premises without the resort to the use of force. The defendant officers caused property damage in the course of the entry and search. The defendant officers, Defendant, Lt. Smith, and other law enforcement officers entered Plaintiff's domicile without a warrant, cause, or justification. Defendant, Lt. Smith, and the defendant officers did not have probable cause or any lawful basis to enter the premises. Defendants improperly detained Officer Roseberry without cause or justification.

Plaintiff was not charge with the commission of any criminal offenses. No person inside the house was arrested nor was any contraband removed by the defendant officers. Officer Roseberry did not commit any offense against the laws of the Commonwealth of Pennsylvania or

the County of Philadelphia for which an arrest or detention or search may be lawfully made or engage in any conduct which justified the actions of all Defendants.

After illegally detaining Officer Roseberry and searching her home, Defendant, Lt. Smith, and the defendant officers left Plaintiff's domicile. Officer Roseberry followed Defendant, Lt. Smith, outside and continued questioning him regarding defendants' actions. Defendant, Lt. Smith, explained that they were conducting surveillance for drug transactions on Officer Roseberry's block and observed a suspect reach into her window. When Officer Roseberry continued questioning Defendant, Lt. Smith, Lt. Smith instructed other defendant officers to bring the suspect, who lives in the house next door, over to Officer Roseberry for identification. Then Defendant, Lt. Smith, in front of the suspect, identified Officer Roseberry as the informant who notified police of the suspect's criminal activity. Defendant, Lt. Smith's, actions expose Officer Roseberry and her eight year old daughter to retaliation from the suspect who lives next door.

This action is brought pursuant to 42 U.S.C. Sections 1983 and 1988, 28 U.S.C. §§ 1331 and 1343(1),(3),(4) and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, the Pennsylvania Constitution, and under the Common Law of the Commonwealth of Pennsylvania. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

### B.  Brief Statement of All Causes of Action, their Essential Elements, and the relief sought:

Defendants deprived Plaintiff of her rights, privileges and immunities under the laws and the Constitution of the United States; Plaintiffs' right to be free from unreasonable searches and seizures, excessive force, false arrest, false imprisonment, verbal abuse, to be secure in ones' person and property, and to due process and equal protection of law. As a result, Plaintiff suffered and continues to suffer harm in violation of Plaintiff's rights under the laws and Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments thereof, and 42 U.S.C. §1983. Plaintiff is also asserting the State Law claims of assault and battery, false imprisonment, intentional infliction of emotional distress, trespass, interference with state constitutional rights[1], negligence, gross negligence, and negligent hiring, training, retention and supervision.

---

[1] Plaintiff is withdrawing this claim.

For these claims, Officer Roseberry seeks, compensatory damages, punitive damages, reasonable attorney's fees and costs, and such other and further relief as appears reasonable and just. The elements of these claims are as follows:

**1. Section 1983:**

Plaintiff must prove both of the following elements by a preponderance of the evidence:

First: Defendants acted under color of state law.

Second: While acting under color of state law, defendants deprived plaintiff of a federal constitutional right. Here, rights guaranteed by the 4th Amendment.

**2. Assault and Battery**

An assault is an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body and that does, in fact, cause such fear.

A battery is an act done with the intent to cause a harmful or offensive contact with the body of another [or an act done with the intent to put another in reasonable and immediate fear of a harmful or offensive contact with his or her body] and that directly [or indirectly] results in the harmful or offensive contact with the body of another.

**3. False Imprisonment**

One who intentionally causes the confinement of another person against that person's will is responsible to that person for all harm caused by the confinement.
Confinement means a restriction within boundaries fixed by another from which there is no reasonable means of escape known to the restricted person. A reasonable means of escape is an escape by which a person would run no risk of harm to himself or herself or to his or her property.
A confinement may be accomplished by actual or apparent physical barriers or by overpowering physical force. A confinement may also be accomplished by submission to physical force, to threats of physical force, or to any other form of duress or coercion.

**4. Intentional Infliction of Emotional Distress**

A person who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress and for any bodily harm to the other that results from the emotional distress.

**5. Trespass**

Liability for the common-law tort of trespass arises from the intentional entry upon the land of another without privilege.

**6. Negligence:**

The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent person would use in the circumstances presented here. Negligent conduct may consist either of an act or a failure to act when there is a duty to do so.

Agency is a relationship that is created when one person, called a principal, obtains another person, called an agent, to perform services for him or her and to act on his or her behalf, but subject to the principal's right of control.

A principal is bound by, and liable for, the acts his or her agent does with actual or apparent authority from the principal, and within the scope of the agent's employment.

An act is considered within the agent's authority if:

[(1)      the principal granted express authority to perform the act]; *[or]*
[(2)      the act was proper, usual, and necessary to the exercise of the authority actually granted by the principal]; *[or]*
[(3)      the principal's words or conduct would lead a reasonably prudent person to believe that the principal has granted the agent the authority to perform certain acts [or if the principal puts the agent into, or knowingly permits the agent to occupy, a position in which, according to ordinary experience and habits, it is usual for the agent to have authority of a particular kind]. In determining whether the agent had apparent authority, you should look to the actions of the principal, rather than the agent. However, a third party is not entitled to rely on the apparent authority of the agent if he or she has actual knowledge of the limitations of the agent's authority]; *[or]*
[(4)      the principal knew or should have known that the agent was exercising powers not granted to him or her but the principal fails to take reasonable steps to notify others of the limitations of the agent's authority, and a third party justifiably changes his or her position based on his or her reasonable belief that the agent possesses the authority.]

**C.  Brief Statement of the Defenses Asserted and their Essential Elements:**

Defendants contend that on the date and time in question, they entered Plaintiff's home in the course of the pursuit of a suspect and thus there were exigent circumstances for these actions.  When the defendant officers entered Plaintiffs home, she was not downstairs where the officers entered but upstairs.  As they searched the home, the officers saw several weapons left lying about the home and became more concerned for their safety.  When the defendant officers encountered Plaintiff, she was upstairs and was, at most, briefly detained for officer safety.

**D.  Rule 26 Disclosures:**

The parties will complete their Rule 26 disclosures on or before September 11, 2012.

**E.  Anticipated Discovery Completion Date:**

January 11, 2012.

**F.  Necessary Parties:**

All necessary parties have been joined. However, plaintiff named John Doe defendants and may need to substitute names disclosed during discovery.

**G.  Settlement Negotiations:**

Settlement discussions have begun and the parties are hopeful for the amicable resolution of this matter.

**H.  List of Counsel Attending the Conference:**

Steve Schatz, Esquire—Attorney for Plaintiff

Brock Atkins, Esquire—Attorney for Defendants

THE CHOTINER FIRM

_____

L. KENNETH CHOTINER, ESQUIRE
Counsel for Plaintiff
1818 Market Street, Suite 3100
Philadelphia, PA 19103
215.564.6544

MASTER WEINSTEIN SCHATZ MOYER, P.C.


_____

STEVEN J. SCHATZ, ESQUIRE
Counsel for Plaintiff
1818 Market Street, Suite 3620
Philadelphia, PA 19103
215.561.2800


____/s/ Brock Atkins_____
BROCK J. ATKINS, ESQUIRE
Counsel for Defendants
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5446